SAMUEL HUBBARD & others *vs.* JOHN T. APTHORP.

The grantor in a deed, containing covenants of seizin, title, against incumbrances, and of general warranty, having used terms purporting to convey the estate therein mentioned by metes and bounds, and added the words: "meaning and intending by this deed to convey all my right, title and interest in and to" the premises so described; it was held, that the covenants applied generally to the land mentioned in the deed, and were not restricted to the grantor's right, title and interest therein.

JAMES LLOYD, by his deed dated April 8th, 1824, conveyed to John T. Apthorp and Benjamin Joy certain water rights or lots of land, and an undivided sixth part of a tract of flats, at Wheeler's point, in Boston.

The estate conveyed was described in the deed as "the following described water rights, or lots of land, situated in said Boston, &c., namely : The water right or lot numbered three on a plan, &c., bounded as follows, &c. ; also one other certain lot or water right, numbered six on said plan, bounded, &c. ; also hereby granting one undivided sixth part of all that certain parcel of flats belonging to the estate which was conveyed by Jabez Hatch to Isaac P. Davis, by deed dated, &c., the same now lying in common and undivided among the proprietors of Wheeler's point, so called, and lying southerly of the lots divided among said proprietors, &c., meaning and intending by this deed to convey all my right, title and interest in and to lots numbered three and six, and my undivided portion of the aforementioned flats; the said divided lots and undivided flats being subject to each and all the conditions, covenants and restrictions, contained in said deeds or any one of them from said Jabez Hatch, Isaac P. Davis, and the division deed before mentioned," &c.

The grantor covenanted with the grantees, that he was seized in fee of the premises; that they were free of all incumbrances; that he had good right to sell and convey the same to the grantees; and that he would warrant and defend the same premises to the grantees, their heirs and assigns, forever, against the lawful claims and demands of all persons,

The grantees, Joy and Apthorp, subsequently conveyed their several undivided portions of the flats with covenants of warranty, and the same came ultimately by mesne con·· veyances to the South Wharf corporation, who had also purchased the interests of the other proprietors.

In the year 1844, the South Wharf corporation were evicted of a portion of the flats, to which they thus derived title, by a judgment recovered against them therefor, upon a title paramount to Lloyd's and existing at the date of his deed to Joy and Apthorp.

The plaintiffs were the trustees under Lloyd's will, and having compromised the claim of the South Wharf corporation against the defendant, on the covenants in his deed under which they claimed title, and having paid them a certain sum by way of damages, it was agreed, that if by the terms of Lloyd's deed to Joy and ·Apthorp, his estate was not legally bound to indemnify the defendant, against the damages resulting from the eviction, judgment should be rendered in this action for the sum so paid by them.

*J. L. English,* (with whom was *W. H. Gardiner,*) for the plaintiffs.

*W. Sohier,* for the defendant.

DEWEY, J.   The question is, what is the proper legal construction of the covenant contained in the deed from James Lloyd to Joy and Apthorp ?   This deed purports to sell and convey to the grantees, their heirs and assigns, " the following described water rights, or lots of land," describing two separate tracts by metes and bounds, and "also one undivided sixth part of all that certain parcel of flats," &c., describing them, and appending to the description of the lots by metes and bounds, and of the flats, the following words : " meaning and intending by this deed to convey all my right, title and interest in and to lots numbered three and six, and my undivided portion of the aforementioned flats."   The deed contains covenants of " seizin in fee of the aforegranted premises ; that they are free of all incumbrances ; that the grantor had good right to sell the same ; and that he will

warrant and defend the same premises against the lawful claims and demands of all persons." It is not contended, on the part of the plaintiffs, that the words in the deed are not proper words to create the several covenants supposed, and as such are obligatory on the grantor ; but they deny that they attach to the particular lands described in the deed. The theory of the plaintiffs is this, that the conveyance is to be treated as a conveyance only of the right, title and interest of the grantor in the land described ; and the covenant is supposed to be coëxtensive with such grant only, and not to extend further. In other words, it is contended, that the warranty of the grantor is limited to "his right, title and interest," whatever that may be. The effect of covenants of warranty attached to a conveyance merely "of the right, title and interest" of the grantor, was somewhat considered in the cases of *Blanchard* v. *Brooks*, 12 Pick. 47, and *Allen* v. *Holton*, 20 Pick. 458 ; and the cases cited for the plaintiffs do to some extent sanction the views contended for by their counsel as to the limitation of the covenants in such cases. It seems to us, however, that it is unnecessary to consider particularly the effect of a covenant of warranty in a deed, where the only thing described in the premises, as the subject of the grant, is "the right, title and interest" of the grantor, as was the case of *Allen* v. *Holton*, above cited. The construction of a deed is to be such, if possible, as to give effect to the intentions of the parties; and therefore where it is a mere conveyance "of all the title of the grantor," it may be held, that the covenants have no application beyond the words of the grant itself. But the present deed is one purporting to convey by particular and definite boundaries various tracts of land described in the premises of the deed, adding, however, to the description of the lands the words "meaning and intending by this deed to convey all my right, title and interest in and to lots numbered three and six, &c., and my undivided portion of the aforementioned flats;" — "the same being subject to each and all the conditions,

covenants and restrictions contained in the deeds of Jabez Hatch, I. P. Davis, and the division deed."

As it seems to us, this second description was added rather for fulness and certainty, than with the view of any limitations as to the tracts of land conveyed ; the first description setting forth lots numbered three and six, and the parcel of flats, by their boundaries ; and the second being adapted to embrace all the interest of the grantor in lots numbered three and six, and the flats however bounded. There might have been also the further purpose of introducing the limitation, upon the conveyance, of the conditions and restrictions contained in the deeds therein referred to ; which restrictions or conditions do not, however, affect the question, whether the covenants are applicable solely to the actual title of the grantor.

It is true, as was suggested by the counsel for the plaintiff, that explanatory words may restrain the general words, and limit their effect. But it must clearly appear, that such was the purpose intended by them. If the explanatory words are consistent with the general words, and not apparently restricted, but added rather for greater caution, and to guard against any misrecital, we give effect to the general description, rather than to the explanatory words, if there be any discrepancy, and the general description be perfect in itself, and easily susceptible of a practical application. This was so held in *Melvin* v. *Locks & Canals*, 5 Met. 15, and in *Eliot* v. *Thacher*, 2 Met. 44, note. In the view we take of the case, the covenants were of general application to the land conveyed, and the plaintiffs are not entitled to maintain their action ; the estate of the grantor Lloyd being bound to indemnify the defendant by reason of the covenants in the deed to Joy and Apthorp. *Plaintiffs nonsuit.*